# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO: 3:08-CV-83-RJC-DCK

| | |
|---|---|
| LISA THOMPSON and, <br> LINLY ANTOINE, <br><br> Plaintiff, <br><br> v. <br><br> DEUTSCHE BANK, LONG BEACH <br> MORTGAGE, and COUNTRY HOME <br> MORTGAGE, <br><br> Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** upon the "Motion to Substitute FDIC as Receiver for Washington Mutual Bank, Successor in Interest to Long Beach Mortgage" (Document No. 15) filed by the Defendant Long Beach Mortgage. The *pro se* Plaintiffs have not filed a response to the motion.[1] This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and this matter is ripe for review. Having fully considered the record, the undersigned will **grant** the motion for the following reasons:

The Federal Deposit Insurance Corporation ("FDIC"), pursuant to Local Rule 7.1 and Rule 25 of the Federal Rules of Civil Procedure, moves the Court to substitute the FDIC as receiver for

---

[1] Neither Plaintiff has filed a response, although the certificate of service indicates that both were served with written copies of the motion. Defense counsel indicates that he conferred with Plaintiff Lisa Thompson and that she did not consent to this motion. On April 23, 2009, Lisa Thompson filed a *pro se* motion styled as a "Motion to Vacate Motion for FDIC as Receiver by Defendants and Award Monies and Property to Plaintiffs." (Document No. 23). The latter motion is not before the Magistrate Judge.

Washington Mutual Bank ("WaMu"), the successor in interest to Long Beach Mortgage ("Long Beach"), as the real party in interest in place of Long Beach.

Rule 25(c) of the Federal Rules of Civil Procedure provides in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

The FDIC has filed documentation indicating that the Director of the Office of Thrift Supervision, Department of the Treasury ("Director"), has expressly found that WaMu was "in an unsafe and unsound condition," i.e., insolvent, and that grounds for the appointment of a receiver existed pursuant to section 5(d)(2) of the Home Owner's Loan Act of 1933 ("HOLA") and sections 11(c)(5)(C) and (F) of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. §§ 1821(c)(5)(C) and (F). (Document No. 15-3, pp. 6-8 "Order Number 2008-36").

On September 25, 2008, the Director appointed the FDIC as receiver for WaMu of Henderson, Nevada, pursuant to 12 U.S.C. § 1821(c)(1) (providing that the FDIC "may accept appointment and act as conservator or receiver for any insured depository institution upon appointment..."). (Document Nos. 15-2, p. 1, and 15-3, pp. 5-9). The documentation indicates that the FDIC accepted this appointment in accordance with the FDIA, as amended. (*Id.*, pp. 4, 9). The FDIC asserts that the claims asserted herein against Long Beach constitute potential liabilities of the FDIC in its capacity as Receiver for Washington Mutual Bank and that the FDIC as Receiver for WaMu should be substituted as the real party in interest in this case in place of Defendant Long Beach.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Substitute FDIC as Receiver for Washington Mutual Bank, Successor in Interest to Long Beach Mortgage" (Document No. 15) is **GRANTED.**

**IT IS SO ORDERED**.

Signed: May 12, 2009

David C. Keesler
United States Magistrate Judge