UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:08-CV-83-RJC-DCK

| | |
|---|---|
| LISA THOMPSON and, </br>LINLY ANTOINE, </br> </br>        Plaintiff, </br> </br>v. </br> </br>DEUTSCHE BANK, LONG BEACH </br>MORTGAGE, and COUNTRY HOME </br>MORTGAGE, </br> </br>        Defendants. | )</br>)</br>)   ORDER</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

**THIS MATTER IS BEFORE THE COURT** upon the "FDIC's Motion to Stay Proceedings Pending Exhaustion of Statutorily Mandated Administrative Remedies" (Document No. 16) filed by the FDIC as Receiver for Washington Mutual Bank, Successor in Interest to Long Beach Mortgage. The *pro se* Plaintiffs have not filed a response to the motion.[1] This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and this matter is ripe for review. Having fully considered the record, the undersigned will **grant** the motion to stay for the following reasons:

The Federal Deposit Insurance Corporation ("FDIC"), as receiver for Washington Mutual Bank ("WaMu"), the successor in interest to Long Beach Mortgage ("Long Beach"), moves to stay this action pending the Plaintiffs' mandatory exhaustion of administrative remedies. Specifically,

---

[1] Neither Plaintiff has filed a response, although the certificate of service indicates that both were served with written copies of the motion. Defense counsel indicates that he conferred with Plaintiff Lisa Thompson and that she did not consent to this motion.

the FDIC moves for a stay of this proceeding until "the earlier of one hundred eighty (180) days from the filing of Plaintiffs' claim or ten (10) days after the FDIC has tendered a final determination upon the claim, together with such other and further relief deemed just and proper under the circumstances." (Document No. 16, p. 5).

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(3)-(13) requires creditors with claims against the receiver to first comply with the administrative claims process before filing litigation or continuing existing litigation against the the FDIC as receiver. Specifically, the FIRREA limits judicial review as follows:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over –
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution of the [FDIC] as receiver.
> 12 U.S.C. § 1821(d)(13)(D)(i-ii).

The Plaintiffs' claims asserted herein against Long Beach are potential liabilities of the FDIC as receiver for WaMu. However, until Plaintiffs exhaust the administrative review process, this Court does not have authority to review the Plaintiffs' claims against the FDIC as receiver. "The administrative scheme provided in FIRREA is an absolute and unwaivable jurisdictional requirement for judicial review." *Tillman v. Resolution Trust Corp.*, 37 F.3d 1032, 1036 (4th Cir. 1994) (quoting *Brady Development Co., Inc. v. Resolution Trust Corp,* 14 F.3d 998, 1007 (4th Cir. 1994) ("To effectuate its goals of managing claims in an expeditious and efficient manner through an administrative process, Congress placed jurisdictional limits on the power of the federal courts to

review matters involving failed savings and loans under FIRREA."). The Fourth Circuit Court of Appeals has explained that:

> "The precise jurisdictional limitations on the Article III courts mandated by FIRREA are determined by reading section 1821(d)(13)(D) in conjunction with the statute's allowance of an action within sixty days of a claim being denied as provided for in section 1821(d)(6)(A). Together these provisions mandate that the district court not hear any claim until it has been rejected by the RTC in its administrative review or until the 180 day administrative review period has expired. *Brady Development Co.*, 14 F.3d at 1003.

The record reflects that the FDIC as receiver published a notice advising creditors of the insolvent bank to present all claims by the "claims bar" date of December 30, 2008. 12 U.S.C. § 1821(d)(3)(D); (Document No. 16-4, Exhibit B, with first publication on October 1, 2008). The notice set forth in plain language all the required steps for potential claimants to follow, including the address for obtaining forms and submitting "Proof of Claim" forms. *See Tillman*, 37 F.3d at 1036 ("The statutory scheme of FIRREA thus provides a dispute resolution structure that allows the RTC initially to collect assets, determine rights, and resolve claims before disputes over such matters can be heard in court.").

After the FDIC receives a completed claim form and supporting documentation, it has a 180-day statutory period to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5); *Brady Development Co.,* 14 F.3d at 1003 ("Congress sought to ensure that all claims undergo the administrative claims process"). Under 12 U.S.C. § 1821(d)(6)(A), a claimant "may continue a previously filed action after the administrative process has been completed if he had a suit pending against the savings and loan before the savings and loan was placed into receivership." *Id*. "Congress clearly envisioned that administrative and judicial review of claims could not take place

simultaneously." *Id*. Hence, in accordance with provisions of FIRREA, the FDIC appropriately requests a stay of these proceedings while the Plaintiffs exhaust the administrative claims process.

**IT IS, THEREFORE, ORDERED** that the "FDIC's Motion to Stay Proceedings Pending Exhaustion of Statutorily Mandated Administrative Remedies" (Document No. 16) is **GRANTED**; all proceedings in this lawsuit are stayed up through and including the <u>**earlier of**</u>: (a) one hundred eighty (180) days from the date of Plaintiffs' filing of a claim with the FDIC as Receiver for Washington Mutual Bank, successor in interest to Long Beach Mortgage; or (b) ten (10) days after the date the FDIC tenders a final written determination upon the Plaintiffs' claim.

**IT IS SO ORDERED**.

Signed: May 14, 2009

David C. Keesler
United States Magistrate Judge