# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08-CV-083-RJC-DCK

| | |
|---|---|
| LISA THOMPSON and LINLY ANTOINE,<br><br>        Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK, LONG BEACH MORTGAGE, and COUNTRY HOME MORTGAGE,<br><br>        Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion For A More Definate Statement And To Exhaust Administrative Remedies" (Document No. 50) filed October 22, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

On October 7, 2010, the Honorable Robert J. Conrad, Jr. issued an Order closing this matter, without prejudice to the Plaintiffs to move to reopen the case, should they provide evidence that they have exhausted their administrative remedies. (Document No. 48). The instant motion does not move to reopen the case, and other than conclusory statements that suggest that Plaintiffs believe administrative remedies have been exhausted, neither the motion nor its supporting documents provide any *evidence* that administrative remedies have actually been exhausted in this matter.

It is difficult to discern the relief Plaintiffs seek in the instant motion. To the extent they are moving for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), it is unclear what pleading they are referring to. Rule 12(e) allows a party to move for a more definite statement of a pleading to which a responsive pleading is allowed, so that the moving party can reasonably prepare a response. However, such motion must "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). The current motion does neither, and fails to identify the pleading Plaintiffs hope to have better defined.

Next, to the extent Plaintiffs are also moving "to exhaust administrative remedies" it is again unclear exactly the relief they seek. Pursuant to the Court's last Order, this case is closed unless and until Plaintiffs fulfill their burden of providing evidence to the Court that *their* administrative remedies related to this matter have been exhausted. (Document No. 48); see also Order (Document No. 31)(granting "FDIC's Motion To Stay Proceedings Pending Exhaustion Of Statutorily Mandated Administrative Remedies" (Document No. 16)). The instant motion does not provide sufficient evidence that administrative remedies have been exhausted to justify reopening this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' "Motion For A More Definate Statement And To Exhaust Administrative Remedies" (Document No. 50) is **DENIED**.

Signed: October 25, 2010

David C. Keesler
United States Magistrate Judge